# — EXHIBIT 1 —

| | |
|---|---|
| RANDALL HUFFMAN AND BRYAN QUERRY, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>COMMSCOPE, INC. OF NORTH CAROLINA, and COMMSCOPE HOLDING COMPANY, INC.,<br><br>       Defendants. | No. 5:23-cv-132-KDB-SCR<br><br>Judge Kenneth D. Bell<br>Magistrate Judge Susan C. Rodriguez |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement") is entered into by and between (i) Randall Huffman and Bryan Querry ("Plaintiffs" or "Settlement Class Representatives"), individually and on behalf of the Settlement Class (defined below); and (ii) CommScope Inc. of North Carolina and CommScope Holding Company, Inc. ("Defendants" or "CommScope") in the case titled *Huffman et al. v. Commscope, Inc. of North Carolina et al*., Case No. 5:23-cv-00132-KDB-SCR, United States District Court for the Western District of North Carolina, Statesville Division. CommScope and Plaintiffs are collectively referred to herein as the "Parties." The lawsuit being resolved is referred to herein as the "Litigation."

## I. FACTUAL BACKGROUND AND RECITALS

1. Plaintiffs allege that, on March 26, 2023, CommScope was hacked (the "Data Incident"). Plaintiffs alleged that this hacking exposed certain personally identifiable information ("PII") and protected health information ("PHI") of CommScope's current and former employees. Specifically, the following types of PII were allegedly exposed: names, Social Security numbers, addresses, financial account information, date of birth, and medical information provided in connection with employment. On May 12, 2023, CommScope began notifying Plaintiffs and the Settlement Class about the Data Incident.

2. On August 21, 2023, Plaintiff Randall Huffman individually and on behalf of a putative class, filed an action against CommScope in the Western District of North Carolina, titled *Huffman v. Commscope, Inc. of North Carolina et al*., Case No. 5:23-cv-00132-KDB-SCR. Plaintiff brought the following claims: negligence, negligence *per se*, violation of the North Carolina Unfair Trade Practices Act, breach of implied contract, and unjust enrichment.

3. On December 21, 2023, after a period of informal discovery and mutual exchange of information, the Parties engaged in mediation with Judge John W. Thornton, Jr. (Ret.), of

1

Doc ID: 765fab523300a2b592fa15367d13566f7ba8a61e4

JAMS. Throughout their mediation session, the Parties engaged in an extensive evaluation and discussion of the relevant facts and law, and the Parties carefully considered the risk and uncertainties of continued litigation and all other factors bearing on the merits of settlement. During that full-day mediation, the Parties succeeded in reaching agreement on the principal terms of a settlement—subject to final mutual agreement on all the necessary documentation.

4. The Parties have agreed to settle the Litigation on the terms and conditions set forth herein in recognition that the outcome of the Litigation is uncertain and that achieving a final result through litigation would require substantial additional risk, uncertainty, discovery, time, and expense for the Parties.

5. On February 23, 2024, Plaintiff filed an Amended Complaint adding Bryan Querry as the second named plaintiff.

6. CommScope denies all claims of wrongdoing or liability that Plaintiffs, Settlement Class Members, or anyone else have asserted in this Litigation or may assert in the future based on the conduct alleged in the complaint. Despite CommScope's position that it is not liable for, and has good defenses to, the claims alleged in the Litigation, CommScope desires to settle the Litigation, and thus avoid the expense, risk, exposure, inconvenience, uncertainty, and distraction of continued litigation of any action relating to the matters being fully settled and finally resolved and released in this Settlement Agreement. Neither this Settlement Agreement, nor any negotiation or act performed or document created in relation to the Settlement Agreement or negotiation or discussion thereof is, or may be deemed to be, or may be used as, an admission of, or evidence of, any wrongdoing or liability.

7. The Parties now enter into this Settlement Agreement. Plaintiffs and Class Counsel have conducted an investigation into the facts and the law regarding the Litigation and have concluded that a settlement according to the terms set forth below is fair, reasonable, and adequate, and beneficial to and in the best interests of Plaintiffs and the Settlement Class, recognizing: (1) the existence of complex and contested issues of law and fact; (2) the risks inherent in litigation; (3) the likelihood that future proceedings will be unduly protracted and expensive if the proceeding is not settled by voluntary agreement; (4) the magnitude of the benefits derived from the contemplated settlement in light of both the maximum potential and likely range of recovery to be obtained through further litigation and the expense thereof, as well as the potential of no recovery whatsoever; and (5) Plaintiffs' determination that the settlement is fair, reasonable, adequate, and will substantially benefit the Settlement Class Members.

8. Considering the risks and uncertainties of continued litigation and all factors bearing on the merits of settlement, the Parties are satisfied that the terms and conditions of this Settlement Agreement are fair, reasonable, adequate, and in their respective best interests.

9. In consideration of the covenants, agreements, and releases set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is agreed by and among the undersigned that the Litigation be settled and compromised, and that the Releasors release the Released Parties of the Released Claims, without costs as to Released Parties, Plaintiffs, Class Counsel, or the Settlement Class, except as explicitly provided for in this Settlement Agreement, subject to the approval of the Court, on the following terms and conditions.

2

Doc ID: 765da4ea539d9e246fba1fac67213bea6f1a8a50e4

## II. __DEFINITIONS__

As used in this Settlement Agreement, the following terms have the meanings specified below:

10. **"Alternative Cash Payment"** means a cash payment of One Hundred Dollars and Zero Cents ($100.00), which a Class Member may claim in lieu of any other benefits under this Settlement Agreement, as set forth in Paragraph 61(iv) and which shall be paid from the Settlement Fund.

11. **"Approved Claims"** shall mean complete and timely Claim Forms submitted by Settlement Class Members that have been approved by the Settlement Administrator and which shall be paid from the Settlement Fund.

12. **"Claim Form"** shall mean the form that Settlement Class Members may submit to obtain compensation under this Settlement Agreement, which is attached as **Exhibit C**.

13. **"Claims Deadline"** shall mean the date by which all Claim Forms must be postmarked (if mailed) or submitted (if filed electronically) to be considered timely and shall be set as a date ninety (90) days after the Notice Date is entered. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order, as well as in the Notice and the Claim Form.

14. **"Class Counsel"** shall mean Raina C. Borrelli of TURKE & STRAUSS LLP.

15. **"Counsel"** or **"Counsel for the Parties"** means both Class Counsel and Defendants' Counsel, collectively.

16. **"Court"** shall mean the Honorable Judge Kenneth D. Bell, the Honorable Judge Susan C. Rodriguez, or any other District Court or Magistrate Judge of the United States District Court for the Western District of North Carolina presiding over this Litigation.

17. **"Credit Monitoring Services"** means three (3) years of credit monitoring to Participating Settlement Class Members under the Settlement. These services include one-bureau credit monitoring; dark web monitoring; real-time inquiry alerts; and $1 million in identity theft insurance, among other features.

18. **"Data Incident"** means the deployment of malware and unauthorized third-party activity on CommScope's computer systems that CommScope discovered in March 2023, and which is the subject of this Litigation.

19. **"Defendants"** shall mean CommScope Inc. of North Carolina and CommScope Holding Company, Inc.

20. **"Defendants' Counsel"** shall mean Brandon C.E. Springer and Gavin Reinke of ALSTON & BIRD LLP.

21. **"Effective Date"** shall mean the date when the Settlement Agreement becomes Final.

Doc ID: 765fab4523d002b592fba15d67d2135dd67da8450e4

22.     "**Fee and Expense Application**" shall mean the motion to be filed by Class Counsel, in which they seek approval of an award of attorneys' fees, as well as Service Awards for the Class Representatives.

23.     "**Fee Award and Expenses**" means the amount of attorneys' fees and reimbursement of litigation expenses awarded by the Court to Class Counsel, to be paid from the Settlement Fund.

24.     "**Final**" means the Final Approval Order has been entered on the docket, and (1) the time to appeal from such order has expired and no appeal has been timely filed; (2) if such an appeal has been filed, it has been finally resolved and has resulted in an affirmation of the Final Approval Order; or (3) the Court following the resolution of the appeal enters a further order or orders approving settlement on the material terms set forth herein, and either the time to further appeal from such order has expired and no further appeal is taken from such order(s) or any such appeal has been finally resolved and results in affirmation of such order(s).

25.     "**Final Approval Hearing**" means the hearing before the Court where the Plaintiffs will request a judgment to be entered by the Court approving the Settlement Agreement, approving the Fee Award and Expenses, and approving a Service Award to the Class Representatives.

26.     "**Final Approval Order**" shall mean an order entered by the Court, in substantially the same form as the one attached hereto as **Exhibit E**, that:

     i.     Certifies the Settlement Class pursuant to Federal Rule of Civil Procedure 23;

     ii.     Finds that the Settlement Agreement is fair, reasonable, and adequate, was entered into in good faith and without collusion, and approves and directs consummation of this Settlement Agreement;

     iii.     Dismisses Plaintiffs' claims pending before it with prejudice and without costs, except as explicitly provided for in this Settlement Agreement;

     iv.     Approves the Release provided in Section IX and orders that, as of the Effective Date, the Released Claims will be released as to Released Parties;

     v.     Includes as an exhibit a list of individuals who timely and validly opted out of the Settlement;

     vi.     Reserves jurisdiction over the Settlement and this Settlement Agreement; and

     vii.     Finds that there is no just reason for delay of entry of Final Approval Order with respect to the foregoing.

27.     "**Frequently Asked Questions**" or "**FAQs**" are questions and answers to those questions that are frequently posed by Class Members about class action settlements and specifically about this Settlement.

Doc ID: 765ab523540026592fa15367213566f7a8370e4

28.    "**Litigation**" shall mean the action captioned *Huffman v. CommScope, Inc. of North Carolina et al.*, Case No. 5:23-cv-00132-KDB-SCR, United States District Court for the Western District of North Carolina, Statesville Division.

29.    "**Long Form Notice**" is the content of the notice substantially in the form as **Exhibit B**, which will be posted on the Settlement Website and will include robust details about the Settlement.

30.    "**Lost Time**" means time spent remedying issues related to the Data Incident.

31.    "**Net Settlement Fund**" means the amount of funds that remain in the Settlement Fund after funds are paid from or allocated for payment from the Settlement Fund for the following: (1) Settlement Notice and Administrative Expenses; (2) Fee Award and Expenses; and (3) Service Awards.

32.    "**Notice**" means the direct notice of this proposed Settlement, which is to be provided substantially in the manner set forth in this Settlement Agreement and **Exhibits A and B**. The Notice Deadline in this case will be 30 days after the Preliminary Approval Order is entered.

33.    "**Notice Deadline**" means the last day by which Notice must be issued to the Settlement Class Members, and will occur 30 days after the Preliminary Approval Order is entered.

34.    "**Notice and Administrative Expenses**" means all of the expenses incurred in the administration of this Settlement, including, without limitation, all expenses or costs associated with preparing and sending the required notices to appropriate state and federal officials under the Class Action Fairness Act of 2005, providing Notice to the Settlement Class, locating Settlement Class Members, processing claims, determining the eligibility of any person to be a Settlement Class Member, and administering, calculating and distributing the Settlement Fund to Participating Settlement Class Members. Administrative Expenses also includes all reasonable third-party fees and expenses incurred by the Settlement Administrator in administering the terms of this Agreement.

35.    "**Objection Deadline**" means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a person within the Settlement Class must be postmarked and/or filed with the Court and sent to the Settlement Administrator, which shall be designated as sixty (60) days after the Notice Deadline, or such other date as ordered by the Court.

36.    "**Opt-Out Deadline**" is the last day on which a Settlement Class Member may file a request to be excluded from the Settlement Class, which will be sixty (60) days after the Notice Deadline.

37.    "**Participating Settlement Class Member**" means a Settlement Class Member who does not submit a valid Request for Exclusion prior to the Opt-Out Deadline.

38.    "**Parties**" shall mean Plaintiffs and Defendants, collectively.

Doc ID: 765fab523d902f5592fa15d67d21352e670a8470e

39. **"Plaintiffs"** or **"Class Representatives"** shall mean the named class representatives, Randall Huffman and Bryan Querry.

40. **"Preliminary Approval Order"** shall mean the Court's Order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and directing notice of the Settlement to the Settlement Class substantially in the form of the Notice set forth in this Settlement Agreement. Attached as **Exhibit D**.

41. **"Released Claims"** shall have the meaning ascribed to it as set forth in Section IX of this Settlement Agreement.

42. **"Released Parties"** shall have the meaning ascribed to it as set forth in Section IX of this Settlement Agreement.

43. **"Releasors"** shall refer, jointly and severally, and individually and collectively, to Plaintiffs, the Participating Settlement Class Members, and to each of their predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing, and anyone claiming by, through, or on behalf of them.

44. **"Remainder Funds"** means any funds that remain in the Settlement Fund after all deductions from the Settlement Fund authorized by this Settlement Agreement have been paid, Approved Claims to Participating Settlement Class Members have been made, and after a second round of *pro rata* distributions to Participating Settlement Class Members who submitted Approved Claims has been made. The funds remaining in the Settlement Fund after completion of these disbursements and after the time for cashing and/or depositing checks has expired will be Remainder Funds. The Remainder Funds will be sent to Legal Aid of North Carolina as a *cy pres* distribution.

45. **"Service Award"** shall have the meaning ascribed to it as set forth in Section X of this Settlement Agreement. The Service Awards requested in this matter will be $5,000 to each Plaintiff, subject to court approval, and are to be paid from the Settlement Fund.

46. **"Settlement Administrator"** means, subject to Court approval, RG/2 Claims Administration, an entity jointly selected and supervised by Class Counsel and Defendants to administer the settlement.

47. **"Settlement Class"** or **"Class"** means "All individuals residing in the United States who were sent a notice by CommScope informing them of the Data Incident CommScope discovered in March 2023." Excluded from the Settlement Class are: (1) the judges presiding over this Action, and members of their direct families; (2) the Defendants, their subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest, and their current or former officers and directors; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

48. **"Settlement Class List"** means a list of each Settlement Class Member's full name, current or last known address, which Defendants or Defendants' agent shall provide to the Settlement Administrator within seven (7) days of the entry of the Preliminary Approval Order.

6

Doc ID: 765fab523a002f59e2fa15667213e467ba3470ee

49.     "**Settlement Class Member**" means an individual who falls within the definition of the Settlement Class.

50.     "**Settlement Fund**" means the non-reversionary common fund amount of four hundred and forty thousand dollars ($440,000) to be paid by, or on behalf of, Defendants, including any interest accrued thereon after payment, this being the full and complete limit and extent of Defendants' obligations with respect to the Settlement.

51.     "**Settlement Payment**" means the payment to be made via mailed check and/or electronic payment to a Participating Settlement Class Member from the Settlement Administrator from the Settlement Fund.

52.     "**Settlement Website**" means a website established and administered by the Settlement Administrator, which shall contain information about the Settlement, including electronic copies of **Exhibits A-E** (or any forms of these notices that are approved by the Court), this Settlement Agreement, and all Court documents related to the Settlement. The Settlement Website, will be publicly viewable and contain broad information about the Settlement, including but not limited to, copies of the Complaint filed in this matter, a copy of the Long Form Notice, Short Form Notice, FAQs, Claim Form that may be submitted online through the Settlement Website or mailed to the Settlement Administrator, and the deadlines for filing a claim, objection, or exclusion requests, and the date of the Fairness Hearing. The Settlement Website is viewed as an important piece of the notice plan to Class Members. The Settlement Website will remain active until 90 days after the Effective Date.

53.     "**Short Form Notice**" is the postcard notice that will be mailed to each available Settlement Class Member..

54.     "**Taxes and Tax-Related Expenses**" means any and all applicable taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) arising in any jurisdiction, if any, with respect to the income or gains earned by or in respect of the Settlement Fund, including, without limitation, any taxes that may be imposed upon Defendants with respect to any income or gains earned by or in respect of the Settlement Fund for any period while it is held in the Settlement Fund.

55.     "**Unreimbursed Economic Losses**" means out-of-pocket costs or expenditures that a Settlement Class Member actually incurred that are supported by reasonable third-party documentation. "Unreimbursed Economic Losses" include things such as losses related to fraud and identity theft, the purchase of identity protection services, credit monitoring services, or ID theft insurance, and such expenses must be fairly traceable to the Data Incident and not already reimbursed by a third party.

## III.    SETTLEMENT FUND

56.     **Establishment of Settlement Fund**. Within thirty (30) days of the entry of the Preliminary Approval Order, Defendants shall cause to be deposited the sum of $440,000, into an account established and administered by the Settlement Administrator at a financial institution agreed upon by the Settlement Administrator, Defendants, and Class Counsel. The Settlement Administrator shall provide wiring instructions and a properly completed and duly executed IRS

7

Doc ID: 765fab5293d002d5922fa15d67d213536e67b8350ea

Form W-9 to Defendants within five (5) days of the entry of the Preliminary Approval Order. Following Defendants' payment of the Settlement Fund monies as described in this Paragraph, Defendants shall have no responsibility, financial obligation, or liability whatsoever with respect to the selection of the Settlement Fund account, investment of Settlement Fund account funds, payment of federal, state, and local income, employment, unemployment, excise, and any other Taxes or Tax-Related Expenses imposed on the Settlement Fund account or its distributions, or payment of the administrative, legal, accounting, or other costs occasioned by the use or administration of the Settlement Fund.

57.     **Qualified Settlement Fund**. The Parties agree that the Settlement Fund is intended to be maintained as a qualified settlement fund within the meaning of Treasury Regulation § 1.468 B-1, and that the Settlement Administrator, within the meaning of Treasury Regulation § 1.468 B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any Taxes and Tax-Related Expenses owed with respect to the Settlement Fund. The Parties agree that the Settlement Fund shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund as a qualified settlement fund from the earliest date possible. Any and all funds held in the Settlement Fund shall be held in an interest-bearing account insured by the Federal Deposit Insurance Corporation. Funds may be placed in a non-interest bearing account as may be reasonably necessary during the check clearing process. The Settlement Administrator shall provide an accounting of any and all funds in the Settlement Fund, including any interest accrued thereon and payments made pursuant to this Agreement, upon request of any of the Parties.

58.     **Custody of Settlement Fund**. The Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to this Settlement Agreement or the balance returned to those who paid the Settlement Fund in the event this Settlement Agreement is terminated in accordance with Paragraphs 87-89.

59.     **Use of the Settlement Fund**. As further described in this Agreement and in Exhibit B, the Settlement Fund shall be used by the Settlement Administrator to pay for the following: (1) reimbursement for Unreimbursed Economic Losses and Lost Time; (2) Alternative Cash Payments; (3) Credit Monitoring Services; (4) Notice and Administrative Expenses; (5) Service Award payments approved by the Court; and (6) the Fee Award and Expenses awarded by the Court. The settlement will also provide for *pro rata* distributions for Remainder Funds. No amounts may be withdrawn from the Settlement Fund unless expressly authorized by this Agreement or approved by the Court. Responsibility for effectuating payments described in this paragraph shall rest solely with the Settlement Administrator and neither Defendants nor Defendants' agents shall have any responsibility whatsoever with respect to effectuating such payments.

60.     **Taxes and Representations**. Taxes and Tax-Related Expenses relating to the Settlement Fund, if any, shall be considered Notice and Administrative Expenses and shall be timely paid by the Settlement Administrator out of the Settlement Fund without prior order of the Court. Further, the Settlement Fund shall indemnify and hold harmless the Parties and their counsel for Taxes and Tax-Related Expenses (including, without limitation, taxes payable by reason of any

8

Doc ID: 765fab4523c4002f0592fa15367c2135e467a3450ee

such indemnification payments). The Parties and their respective counsel have made no representation or warranty, and have no responsibility, with respect to the tax treatment by any Settlement Class Representative or any Settlement Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Each Class Representative and Participating Settlement Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her, or it of the receipt of funds from the Settlement Fund pursuant to this Agreement.

## IV.     SETTLEMENT BENEFITS AND ADMINISTRATION

61.     The Settlement Administrator will agree to make the following compensation from the Settlement Fund available to Settlement Class Members who submit valid and timely claim forms. Claims will be subject to review for completeness and plausibility by a Settlement Administrator, and Claimants will have the opportunity to seek review by the Parties' counsel, if they dispute the Settlement Administrator's initial determination.

i.      **Credit Monitoring**: All Participating Settlement Class Members are eligible to enroll in three (3) years of Credit Monitoring Services, regardless of whether the Participating Settlement Class Member submits a claim for reimbursement of Unreimbursed Economic Losses or Lost Time. The Settlement Administrator shall send an activation code to each valid Credit Monitoring Services claimant within fourteen (14) days of the Effective Date that can be used to activate Credit Monitoring Services. Such enrollment codes shall be sent via e-mail, unless the claimant did not provide an e-mail address, in which case such codes shall be sent via U.S. mail. Codes will be active for 180 days after the date of mailing, and may be used to activate the full term if used at any time during that 180 day period. The provider shall provide Credit Monitoring Services to all valid claimants who timely activate those services for a period of three (3) years from the date of activation. Credit Monitoring Expenses, the administration of which will be overseen by Class Counsel, will be paid for from the Settlement Fund.

ii.     **Compensation for Unreimbursed Economic Losses**: The Settlement Administrator, from the Settlement Fund, will provide compensation, up to a total of $10,000 per person who is a Participating Settlement Class Member, upon submission of a claim and supporting documentation, for unreimbursed ordinary and/or extraordinary economic losses incurred as a result of the Data Incident, including, without limitation, unreimbursed losses relating to fraud or identity theft; professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; costs associated with freezing or unfreezing credit with any credit reporting agency; credit monitoring costs that were incurred on or after the Data Incident through the date of claim submission; and miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges.

Participating Settlement Class Members with ordinary and/or extraordinary economic losses must submit documentation supporting their claims. This can

9

Doc ID: 765da4ea539d9e2461a546762135a467a8a50e4

include receipts or other documentation not "self-prepared" by the claimant that document the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support other submitted documentation.

iii. **<u>Compensation for Lost Time</u>**: The Settlement Administrator, from the Settlement Fund, will provide compensation for up to 6 hours of lost time, at $25.00/hour ($150 cap), for time spent mitigating the effects of the Data Incident. Participating Settlement Class Members may submit claims for up to 6 hours of lost time with only an attestation demonstrating that they spent the claimed time responding to issues raised by the Data Incident. This attestation may be completed by checking a box next to the sentence: "I swear and affirm that I spent the amount of time noted in response to the CommScope Data Incident." Claims for lost time can be combined with claims for unreimbursed ordinary and/or extraordinary economic losses but are subject to the $10,000 cap.

iv. **<u>$100 Cash Compensation (Alternative Cash Payment)</u>**: Participating Settlement Class Members can elect to make a claim for a $100 Alternative Cash Payment in lieu of the settlement benefits outlined in Paragraph 61(i), (ii) and (iii). To receive this benefit, Participating Settlement Class Members must submit a valid claim form, but no documentation is required to make a claim. The amount of the Alternative Cash Payments will be increased or decreased on a *pro rata* basis, depending upon the number of valid claims filed and the amount of funds available for these payments.

62. **Assessing Claims for Unreimbursed Economic Losses**. The Settlement Administrator shall verify that each person who submits a Claim Form is a Settlement Class Member. The Settlement Administrator shall have the sole discretion and authority to determine whether and to what extent documentation for unreimbursed ordinary and/or extraordinary economic losses reflect valid unreimbursed economic losses actually incurred that are fairly traceable to the Data Incident, but may consult with both Class Counsel and Defendants' Counsel in making individual determinations. The Settlement Administrator is authorized to contact any Settlement Class Member (by e-mail, telephone, or U.S. mail) to seek clarification regarding a submitted claim prior to making a determination as to its validity.

63. **Assessing Claims for Lost Time**. The Settlement Administrator shall verify that each person who submits a Claim Form is a Settlement Class Member. The Settlement Administrator shall have the sole discretion and authority to determine whether the prerequisites have been met in order to award payments of Lost Time, but may consult with both Class Counsel and Defendants' Counsel in making individual determinations. The Settlement Administrator is authorized to contact any Settlement Class Member (by e-mail, telephone, or U.S. mail) to seek clarification regarding a submitted claim prior to making a determination as to its validity.

64. **Assessing Claims for Alternative Cash Payments**. The Settlement Administrator shall verify that each person who submits a Claim Form is a Settlement Class Member. A Settlement Class Member shall not be required to submit any documentation or additional

information in support of their claim for an Alternative Cash Payment. However, the Claim Form must clearly indicate that the Settlement Class Member is electing to claim the Alternative Cash Payment in lieu of any other benefits made available under this Settlement Agreement and, specifically, Paragraph 61(i), (ii) and (iii) above. The Settlement Administrator is authorized to contact any Settlement Class Member (by e-mail, telephone, or U.S. mail) to seek clarification regarding a submitted claim prior to making a determination as to its validity. In the event of any ambiguities in the Claim Form, the Settlement Administrator must contact the Settlement Class Member prior to making a determination as to its validity and, specifically, to determine whether the Settlement Class Member wishes to file a claim for an Alternative Cash Payment or any other benefits made available under this Settlement Agreement.

65. **Order of Distribution of Funds**. The Settlement Administrator must use the funds available in the Net Settlement Fund (after payment of Notice and Administrative Expenses, Taxes and Tax-Related Expenses, the Fee Award and Expenses, and Service Awards) to make payments for Approved Claims in this order: Unreimbursed Economic Losses, followed by Credit Monitoring, followed by Lost Time, followed by payments for Approved Claims for Alternative Cash Payments.

66. **Disputes**. To the extent the Settlement Administrator determines a claim for Unreimbursed Economic Losses or Lost Time is deficient in whole or part, within a reasonable time of making such a determination, the Settlement Administrator shall notify the Settlement Class Member of the deficiencies and give the Settlement Class Member twenty-one (21) days to cure the deficiencies. Such notifications shall be sent via e-mail, unless the claimant did not provide an e-mail address, in which case such notifications shall be sent via U.S. mail. If the Settlement Class Member attempts to cure the deficiencies but, at the sole discretion and authority of the Settlement Administrator, fails to do so, the Settlement Administrator shall notify the Settlement Class Member of that determination within ten (10) days, which shall be final. The Settlement Administrator may consult with Class Counsel and Defendants' Counsel in making such determinations.

67. **Contingencies**. In the event that the aggregate amount of all Settlement Payments exceeds the total amount of the Net Settlement Fund, then all valid Credit Monitoring and Unreimbursed Economic Loss Claims shall be paid in full to the extent the Net Settlement Fund is sufficient to fully pay all such claims, and then each valid Lost Time Claim and Alternative Cash Payment Claim shall be proportionately reduced on a *pro rata* basis. If the Net Settlement Fund is not sufficient to pay all valid Credit Monitoring and Unreimbursed Economic Loss Claims, then the valid Unreimbursed Economic Loss Claims shall be proportionately reduced on a *pro rata* basis. In no event shall the Settlement Fund be increased for any reason. In the event that the aggregate amount of all Settlement Payments does not exceed the Net Settlement Fund, then each Participating Settlement Class Member who is entitled to receive payment for an Unreimbursed Economic Loss Claim, a Lost Time Claim and/or an Alternative Cash Payment Claim shall receive additional funds increased on a *pro rata* basis (in other words, the same additional amount is added to each claimant's payment) so that the Net Settlement Fund is depleted. In the event that settlement payments are increased on a *pro rata* basis, under no circumstances shall a Participating Settlement Class member receive more than two times the value of their original valid claim.

11

Doc ID: 765fab523a002f59ea1536762135a667ba8450e4

68.    **Unclaimed Property**. No portion of the Settlement Fund shall revert or be repaid to CommScope after the Effective Date. To the extent any monies remain in the Remainder Fund more than 150 days after the distribution of Settlement payments to the Participating Settlement Class Members, or 30 days after all reissued Settlement Checks are no longer negotiable, whichever occurs later or as otherwise agreed to by the Parties, the Remainder Funds will be sent to Legal Aid of North Carolina as a *cy pres* distribution.

69.    **Returned Checks**. For any Settlement Check returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator shall make reasonable efforts to locate a valid address and resend the Settlement Payment within thirty (30) days after the check is returned to the Settlement Administrator as undeliverable. In attempting to locate a valid address, the Settlement Administrator is authorized to send an e-mail and/or place a telephone call to that Participating Settlement Class Member to obtain updated address information. Any replacement Settlement Checks issued to Participating Settlement Class Members shall remain valid and negotiable for sixty (60) days from the date of their issuance and may thereafter automatically be canceled if not cashed by the Participating Settlement Class Members within that time.

70.    **Uncashed Checks**. To the extent that a Settlement Check is not cashed within ninety (90) days after the date of issue, the Settlement Administrator shall undertake the following actions: (1) attempt to contact the Participating Settlement Class Member by e-mail and/or telephone to discuss how to obtain a reissued check; (2) if those efforts are unsuccessful, make reasonable efforts to locate an updated address for the Participating Settlement Class Member using advanced address searches or other reasonable methods; and (3) reissuing a check or mailing the Participating Settlement Class Member a postcard (either to an updated address if located or the original address if not) providing information regarding how to obtain a reissued check. Any reissued Settlement Checks issued to Participating Settlement Class Members shall remain valid and negotiable for sixty (60) days from the date of their issuance and may thereafter automatically be canceled if not cashed by the Participating Settlement Class Members within that time.

71.    **Settlement Administration Fees**. The Settlement Fund amount provided by Defendants, or on behalf of Defendants, will pay the entirety of the Notice and Administrative Expenses, including the cost of Notice. The Parties have solicited competitive bids for the settlement administration fees, and agree to rely upon postcard reminder notice (to the extent that a reminder notice is necessary), and to utilize email notice where practicable in order to minimize the administration costs while still providing effective notice to the Class. Settlement Administration Fees shall be paid through the Settlement Fund and are limited to the common fund amount.

72.    Provided that Final Approval of this Settlement Agreement is granted by the Court without material change, material amendment, or material modification, the Settlement Fund will be used to satisfy Approved Claims for Settlement Class Members in exchange for a full, fair, and complete release of all Released Parties from Released Claims, and dismissal of the Litigation with prejudice.

73.    The Settlement Fund represents the total extent of Defendants' monetary obligations under the Settlement Agreement. Defendants' contribution to the Settlement Fund shall be fixed

12

Doc ID: 765fab523a4002f5932fa15b67a2136e467ba8461e4

under this Section and shall be final. Defendants shall have no obligation to make further payments into the Settlement Fund and shall have no financial responsibility or obligation relating to the Settlement beyond payment of monies into the Settlement Fund in the amount set forth in Paragraph 50 above.

74.     Once a Settlement Administrator is mutually agreed to by the Parties and after the settlement is preliminarily approved by the Court, the Settlement Administrator will provide notice in a manner mutually agreed upon by the Parties, and which shall consist of direct mail notice.

75.     After the Court enters an order approving the final Settlement Agreement, the Settlement Administrator shall make payments to all Participating Settlement Class Members that made a valid claim, subject to the procedure set forth herein.

76.     The Parties, Class Counsel, and Defendants' Counsel shall not have any liability whatsoever with respect to (i) any act, omission or determination of the Settlement Administrator, or any of its respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes and Tax-Related Expenses.

## V.     **ADDITIONAL SECURITY MEASURES**

77.     **Additional Security Measures**. CommScope has confirmed that it has made certain changes to its information security and will attest to these changes in a confidential declaration in support of the Settlement. Within thirty (30) days after the entry of the Preliminary Approval Order, Defendants shall provide Plaintiffs' Counsel with a confidential declaration or affidavit, suitable for filing under seal with the Court, attesting that agreed upon security-related measures have been implemented on or before and up to the date of the Preliminary Approval Order and identifying the approximate cost of those security-related measures. Costs associated with these security-related measures should be paid by Defendants separate and apart from other settlement benefits and separate and apart from the Settlement Fund. If CommScope and Plaintiffs cannot reach agreement with respect to the adoption and implementation of additional data security measures, CommScope shall have the right to terminate this agreement without penalty and shall have no obligation to enter into a final Settlement Agreement. In that instance, the parties agree that: (1) they will each be restored to their respective positions in the litigation (without prejudice to their respective positions on the issue of class certification or any other issue); (2) they shall jointly request that all scheduled litigation deadlines be reasonably extended subject to the decision of the Court; and (3) the terms and provisions of this Settlement Agreement and statements made in connection with the parties' settlement discussions shall have no further force and effect and shall not be used in the litigation or in any other proceeding for any purpose.

## VI.     **SETTLEMENT CLASS NOTICE, OPT-OUTS, AND OBJECTIONS**

78.     **Notice**. Within seven (7) days after the entry of the Preliminary Approval Order, Defendants shall provide the Settlement Class List to the Settlement Administrator. Within thirty

Doc ID: 765fab523340d2f5932fa15d67c2135a667ba3d01e4

(30) days after the Preliminary Approval Order is entered, the Settlement Administrator shall disseminate Notice to the Settlement Class Members. Notice shall be disseminated via U.S. mail to all Settlement Class Members, to the extent mailing addresses are known. To the extent that Class Counsel believes that reminder notices should be sent to Settlement Class Members, Class Counsel may direct the Settlement Administrator to send reminder notices to Settlement Class Members, which shall be sent sixty (60) days after the Notice Date and the cost of which shall be Notice and Administrative Expenses that are paid from the Settlement Fund. The process to issue Notice as described in this Paragraph and the creation and maintenance of the Settlement Website shall constitute the "Notice Plan."

79.     **Final Approval Hearing**. The Notice must set forth the time and place of the Final Approval Hearing (subject to change) and state that any Settlement Class Member who does not file a timely and adequate objection in accordance with this Paragraph waives the right to object or to be heard at the Final Approval Hearing and shall be forever barred from making any objection to the Settlement.

80.     **Opt-Outs**. The Notice shall explain the procedure for Settlement Class Members to exclude themselves or "opt-out" of the Settlement by mailing a request for exclusion to the Settlement Administrator postmarked no later than the Opt-Out Deadline. The request for exclusion must include the name of the proceeding, the individual's full name, current address, personal signature, and the words "Request for Exclusion," a comparable statement that the individual does not wish to participate in the Settlement, or some other clear manifestation of the intent to opt-out of the Settlement in the written communication. Each request for exclusion must request exclusion only for that one individual whose personal signature appears on the request. The Notice must state that any Settlement Class Member who does not file a timely request for exclusion in accordance with this Paragraph will lose the opportunity to exclude himself or herself from the Settlement and will be bound by the Settlement.

81.     **Objections**. The Notice shall explain the procedure for Settlement Class Members to object to the Settlement or Fee and Expense Application by submitting written objections to the Court no later than the Objection Deadline. A written objection must include (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement of the specific grounds for the objection, as well as any documents supporting the objection and a description of whether the objection applies only to the Settlement Class Member, a subset of the Settlement Class, or the entire Settlement Class; (iv) the identity of any attorneys representing the objector (if any), as well as a description of the attorney's background and prior experience, the amount of anticipated fees and method of calculation, the attorney's hourly rate, and the number of hours spent working; (v) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (vi) a description and/or copies of evidence that may be introduced at fairness hearing; (vii) a list of proceedings in which the Settlement Class Member has submitted an objection during the past five years; and (viii) the signature of the Settlement Class Member or the Settlement Class Member's attorney.

## VII.     <u>PRELIMINARY APPROVAL, FINAL APPROVAL, AND JURISDICTION</u>

14

Doc ID: 765da4ea539d9e246

82. **Certification of the Settlement Class**. For purposes of this Settlement only, the Parties stipulate to the certification of the Settlement Class, which is contingent upon both the Court entering the Final Approval Order of this Settlement and the occurrence of the Effective Date.

83. **Preliminary Approval**. Following execution of this Agreement, Class Counsel shall file a motion for preliminary approval of the Settlement, in a form agreeable to the Parties, within thirty (30) days thereof or a date thereafter that is agreeable to the Parties and the Court or that is otherwise ordered by the Court.

84. **Final Approval**. Class Counsel shall move the Court for a Final Approval Order of this Settlement, to be issued following the Final Approval Hearing; within a reasonable time after the Notice Deadline, Objection Deadline, and Opt-Out Deadline; and at least 90 days after the Settlement Administrator notifies the appropriate government officials of this Settlement Agreement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

85. **Jurisdiction**. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Plan and the Settlement Administrator. As part of its agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

## VIII. <u>MODIFICATION AND TERMINATION</u>

86. **Modification**. The terms and provisions of this Agreement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however, that, after entry of the Preliminary Approval Order, the Parties may, by written agreement, effect such amendments, modifications, or expansions of this Agreement and its implementing documents (including all exhibits hereto) without further notice to the Settlement Class or approval by the Court if such changes are consistent with the Court's Preliminary Approval Order and do not materially alter, reduce, or limit the rights of Settlement Class Members under this Agreement.

87. **Settlement Not Approved**. If: (1) the Court does not issue the Preliminary Approval Order or Final Approval Order; (2) the Effective Date does not occur; or (3) the Final Approval Order is modified or reversed in any material respect by any appellate or other court, the Parties shall have 60 days from the date of such non-occurrence during which the Parties shall work together in good faith in considering, drafting, and submitting reasonable modifications to this Agreement to address any issues identified by the Court or that otherwise caused the Preliminary Approval Order or Final Approval Order not to issue or the Effective Date not to occur. If such efforts are unsuccessful, either Party may at their sole discretion terminate this Agreement on seven (7) days written notice to the other Party. For avoidance of any doubt, neither

15

Doc ID: 765ab529300af592fa15d67d2135246f7ba8450ae

Party may terminate the Agreement while an appeal from an order granting approval of the Settlement is pending.

88.     Defendants may, in their sole discretion, terminate this Agreement if more than five percent (5%) of the Settlement Class submit valid and timely requests to exclude themselves from the Settlement.  If Defendants elect to terminate the Settlement pursuant to this Paragraph 88, they shall provide written notice to Class Counsel no later than ten (10) days after the Opt-Out Deadline.

89.     **Effect of Termination**. In the event of a termination as provided in Paragraphs 87-88, this Agreement and the Settlement shall be considered null and void; all of the Parties' obligations under the Agreement shall cease to be of any force and effect and the Parties shall return to the status quo ante in the Action as if the Parties had not entered into this Agreement or the Settlement. Further, in the event of such a termination, the certification of the Settlement Class shall be void. Defendants reserve the right to contest class certification for all purposes other than this Settlement. Any orders preliminarily or finally approving the certification of any class contemplated by the Settlement shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity in support of claims or defenses or in support or in opposition to a class certification motion. In addition: (a) the fact that Defendants did not oppose certification of a class under the Settlement shall not be used or cited thereafter by any person or entity, including in a contested proceeding relating to class certification and (b) in the event of such a termination, all of the Parties' respective pre-Settlement claims and defenses will be preserved.

## IX.   <u>RELEASES</u>

90.     Upon Final Approval of this Settlement Agreement, Releasors release, acquit, and forever discharge Defendants and each of their present and former parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, Board of Trustees, and the present and former directors, officers, employees, agents, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, and the predecessors, successors, and assigns of each of them as well as covered entities associated with the Data Incident ("Released Parties") from all liabilities, rights, claims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to the Data Incident, and conduct that was alleged or could have been alleged in the Litigation, including, without limitation, any claims, actions, causes of action, demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of the Data Incident (the "Released Claims"), provided that nothing in this Release is intended to, does or shall be deemed to release any claims not arising out of, based upon, resulting from, or related to the Data Incident.

91.     With respect to any and all Released Claims, the Parties stipulate and agree that upon Final Approval of this Settlement Agreement, Releasors shall have waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, the District of Columbia, or principle of common law or otherwise, which includes or is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Settlement Class Representatives and Class Counsel acknowledge, and each Participating Settlement Class Member by operation of law shall be deemed to have acknowledged, that the inclusion of unknown claims in the Release was separately bargained for and was a key element of the Settlement Agreement.

92.    Each Releasor waives any and all defenses, rights, and benefits that may be derived from the provisions of applicable law in any jurisdiction that, absent such waiver, may limit the extent or effect of the release contained in this Settlement Agreement.

93.    **Mutual Understanding.** The Parties understand that if the facts upon which this Agreement is based are found hereafter to be different from the facts now believed to be true, each Party expressly assumes the risk of such possible difference in facts, and agrees that this Agreement, including the releases contained herein, shall remain effective notwithstanding such difference in facts. The Parties agree that in entering this Agreement, it is understood and agreed that each Party relies wholly upon its own judgment, belief, and knowledge and that each Party does not rely on inducements, promises, or representations made by anyone other than those embodied herein.

94.    **Release of Class Representatives and Class Counsel**. Upon the Effective Date, Defendants and their representatives, officers, agents, directors, principals, affiliates, employees, insurers, and attorneys shall be deemed to have released, acquitted, and forever discharged the Settlement Class Representatives and Class Counsel from any and all claims or causes of action of every kind and description, including any causes of action in law, claims in equity, complaints, suits or petitions, and any allegations of wrongdoing, demands for legal, equitable or administrative relief (including, but not limited to, any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, declaratory relief, compensatory damages, consequential damages, penalties, exemplary damages, punitive damages, attorneys' fees, costs, interest or expenses), whether known or unknown, that arise out of, are based upon, or relate to prosecution of the Action, the Settlement Agreement, or the Settlement claims process (provided, however, that this release and discharge shall not include claims relating to the enforcement of the terms of the Settlement or this Agreement).

95.    **Bar to Future Suits.** Upon entry of the Final Approval Order, Releasors shall be enjoined from prosecuting any claim they have released in the preceding paragraphs in any proceeding against Defendants or based on any actions taken by any of the Released Parties that are authorized or required by this Agreement or by the Final Approval Order. Likewise, Defendants and their representatives, officers, agents, directors, principals, affiliates, employees, insurers, and attorneys shall be enjoined from prosecuting any claim they have released in the preceding paragraphs in any proceeding against Settlement Class Representatives and Class Counsel or based on any actions taken by Settlement Class Representatives and Class Counsel that

17

Doc ID: 765fab523a002f5932fa15467213536f6b83f01e4

are authorized or required by this Agreement or by the Final Approval Order. It is further agreed that the Settlement may be pleaded as a complete defense to any proceeding subject to this section.

## X.    SERVICE AWARD PAYMENTS

96.     **Service Award Payments**. At least fourteen (14) days before the Opt-Out and Objection Deadlines, Class Counsel will file a Fee Application that will include a request for Service Award payments for the Settlement Class Representatives in recognition for their contributions to this Action not to exceed $5,000 per Plaintiff ($10,000 total). The Settlement Administrator shall make the Service Award payments to the Settlement Class Representatives from the Settlement Fund. Such Service Award payments shall be paid by the Settlement Administrator, in the amount approved by the Court, no later than ten (10) days after the Effective Date.

97.     **No Effect on Agreement**. In the event the Court declines to approve, in whole or in part, the payment of Service Awards in the amount requested, the remaining provisions of this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of the Service Awards shall constitute grounds for termination of this Agreement.

## XI.    ATTORNEYS' FEES, COSTS, EXPENSES

98.     **Attorneys' Fees and Costs and Expenses**. At least fourteen (14) days before the Opt-Out and Objection Deadlines, Class Counsel will file a Fee and Expense Application for an award of attorneys' fees to be paid from the Settlement Fund not to exceed 33.33% of the value of the Settlement, or $146,666.67, and litigation expenses up to $10,000. Prior to the disbursement or payment of the Fee Award and Expenses under this Agreement to the IOLTA trust account of Turke & Strauss LLP, Turke & Strauss LLP shall provide to the Settlement Administrator a properly completed and duly executed IRS Form W-9. Fee Award and Expenses (plus any interest accrued thereon) shall be paid by the Settlement Administrator, in the amount approved by the Court, no later than seven (7) days after the Effective Date.

99.     **No Effect on Agreement**.  In the event the Court declines to approve, in whole or in part, the payment of the Fee Award and Expenses in the amount requested, the remaining provisions of this Agreement shall remain in full force and effect.  No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of the Fee Award and Expenses shall constitute grounds for termination of this Agreement.

## XII.    NO ADMISSION OF LIABILITY

100.     **No Admission of Liability**. The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

18

Doc ID: 765fab5283a02a5992fa15d67d2135e67a8a501e4

101.    **No Use of Agreement**. Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by Plaintiffs; or (ii) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission by Defendants in the Action or in any proceeding in any court, administrative agency or other tribunal.

## XIII.    <u>MISCELLANEOUS</u>

102.    **Publicity.**  The Parties agree that they shall not publicize this Settlement, Settlement Fund or Settlement Payment, the amount or sum of individual Settlement Class Representatives' or Settlement Class Members' shares or the events and negotiations surrounding this Agreement in any way except by joint pleadings or unopposed motions filed with the Court, if required. Subject to prior approval by Defendants' Releasees, which shall not be unreasonably withheld, Class Counsel may post information on their law firm websites about the Settlement that is consistent with the notice program. If any Party believes a statement is made in violation of this provision, the Parties shall meet-and-confer informally in an effort to resolve the dispute. If the dispute cannot be resolved informally, it shall be submitted to the Court for resolution.

103.    **Integration of Exhibits**. The exhibits to this Agreement and any exhibits thereto are a material part of the Settlement and are incorporated and made a part of the Agreement.

104.    **Entire Agreement**. This Agreement, including all exhibits hereto, shall constitute the entire Agreement among the Parties with regard to the subject matter hereof and shall supersede any previous agreements, representations, communications and understandings among the Parties. This Agreement may not be changed, modified, or amended except in writing signed by all Parties, subject to Court approval. The Parties contemplate that, subject to Court approval or without such approval where legally permissible and where such changes are non-material, the exhibits to this Agreement may be modified by subsequent agreement of counsel for the Parties prior to dissemination of the Settlement Class Notice to the Settlement Class.

105.    **Deadlines**. If any of the dates or deadlines specified herein falls on a weekend or legal holiday, including without limitation the Notice Deadline, the applicable date or deadline shall fall on the next business day. All reference to "days" in this agreement shall refer to calendar days unless otherwise specified.

106.    **Construction**. For the purpose of construing or interpreting this Agreement, the Parties agree that this Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party.

107.    **Cooperation of Parties**. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, defend Court approval, and to do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

108.    **Obligation to Meet and Confer**. Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other in good faith prior to seeking Court intervention.

19

Doc ID: 765fab4223d002a59f92f9a15d67e2135e467ba3450e4

109. **Governing Law**. The Agreement shall be construed in accordance with, and be governed by, the laws of the State of North Carolina, without regard to the principles thereof regarding choice of law.

110. **Counterparts**. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all signatories do not sign the same counterparts. Original signatures are not required. Any signature submitted electronically through e-mail of an Adobe PDF shall be deemed an original.

111. **Notices**. All notices to Class Counsel provided for herein, shall be sent by overnight mail and email to:

> Raina Borrelli
> Turke & Strauss LLP
> 613 Williamson St., #201
> Madison, WI 53703
> raina@turkestrauss.com

All notices to Defendants provided for herein, shall be sent by overnight mail and email to:

> Brandon C.E. Springer
> Alston & Bird LLP
> Vantage South End
> 1120 S. Tryon St. #300
> Charlotte, NC 28203
> brandon.springer@alston.com
>
> Gavin Reinke
> Alston & Bird LLP
> 1201 West Peachtree Street
> Atlanta, GA 30309
> Phone: (404) 881-7000
> gavin.reinke@alston.com

The notice recipients and addresses designated above may be changed by written notice.

112. **Authority**. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party or Parties on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

113. **Confidentiality of Discovery Material**. The Parties, Counsel for the Parties, and any retained or consulting experts, agree that each of them remain subject to the October 6, 2023 Confidentiality Agreement.

114. **No Government Third-Party Rights or Beneficiaries**. No government agency or official can claim any rights under this Agreement or Settlement.

20

Doc ID: 765da4ea539d9e246

115. **No Collateral Attack**. The Settlement Agreement shall not be subject to collateral attack, including by any Settlement Class Member or any recipient of notices of the Settlement after issuance of the Final Approval Order.

116. **Survival**. The Parties agree that the terms set forth in this Settlement Agreement shall survive the signing of the Settlement Agreement.

IN WITNESS WHEREOF, the Parties hereto have caused the Settlement Agreement to be executed,

/s/ *RANDALL HUFFMAN*

Plaintiff Randall Huffman

/s/         *Bryon Querry*

Plaintiff Bryan Querry

/s/ *Krista R. Bowen*

Defendants CommScope Inc. of North Carolina and CommScope Holding Company, Inc.

Dated: February 26, 2024

/s/ *Brandon C. E. Springer*

Brandon C.E. Springer, N.C. Bar No. 54523
**ALSTON & BIRD LLP**
Vantage South End
1120 S. Tryon St. #300
Charlotte, NC 28203
Phone: (704) 444-1000
brandon.springer@alston.com

Gavin Reinke
(*Pro hac vice* motion forthcoming)
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Phone: (404) 881-7000
gavin.reinke@alston.com

Dated: February 26, 2024

/s/ *Raina Borrelli*

Joel R. Rhine, NC Bar No. 16028
Martin A. Ramey, NC Bar No. 33617
Ruth A. Sheehan, NC Bar No. 48069
Elise H. Wilson, NC Bar No. 60366
**RHINE LAW FIRM, P.C.**
1612 Military Cutoff Road, Suite 300
Wilmington, NC 28403
Telephone: (910) 772-9960
Facsimile: (910) 772-9062
Phone: (910) 772-9960
jrr@rhinelawfirm.com
mjr@rhinelawfirm.com
ras@rhinelawfirm.com
ehw@rhinelawfirm.com

*Counsel for Defendants CommScope, Inc. of North Carolina and CommScope Holding Company, Inc.*

Raina C. Borrelli
**TURKE & STRAUSS, LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703
Telephone: (608) 237-1775
Facsimile: (608) 509-4423
raina@turkestrauss.com

*Counsel for Plaintiffs and Proposed Settlement Class Counsel*

## SETTLLEMENT TIMELINE

| | |
|---|---|
| **Grant of Preliminary Approval** | |
| Settlement Administrator provides W-9 to CommScope | 5 days after Preliminary Approval Order |
| CommScope provides list of Settlement Class Members to the Settlement Administrator | 7 days after Preliminary Approval |
| CommScope to Provide CAFA Notice Required by 28 U.S.C. § 1715(b) | Within 10 days of filing of the Preliminary Approval Motion |
| Long Form and Short Form Notices Posted on the Settlement Website | No later than 28 days after Preliminary Approval, or prior to the Settlement Website going live |
| Notice Date | 30 days after Preliminary Approval. |
| Reminder Notice | 60 days after Notice Date (if needed) |
| Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Award | 14 days before Objection and Opt-Out Deadlines |
| Objection Deadline | 60 days after Notice Date |
| Opt-Out Deadline | 60 days after Notice Date |
| Claims Deadline | 90 days after Notice Date |
| Settlement Administrator Provide List of Objections/Opt-Outs to Counsel for the Parties | 70 days after Notice Date |
| Initially Approved Claims List | 35 days after Claims Deadline |
| Initially Rejected Claims List | 35 days after Claims Deadline |
| Parties' Challenge to Any Claims | 35 days from Initially Approved Claims List |
| **Final Approval Hearing** | 120 days after Preliminary Approval Order (at minimum) |
| Motion for Final Approval | 14 days before Final Approval Hearing Date |

23

Doc ID: 765ab4283d002f5932fa15367d21353567a8350e4

| | |
|---|---|
| Settlement Administrator Provides Court Notice of Opt-Outs and/or Objections | 14 days before Final Approval Hearing Date |
| **<u>Final Approval</u>** | |
| Payment of Attorneys' Fees and Expenses Class Representative Service Award | 7 days after Effective Date |
| Settlement Website Deactivation | 90 days after Effective Date |

Doc ID: 765ae5293a002a6592fa1536762135e67ba8750e4

# — EXHIBIT  A —

LEGAL NOTICE

# If your private information was impacted by CommScope's data incident in March 2023, you may be entitled to benefits from a class action settlement.

*A federal district court authorized this Notice.*

**1-___-___-____**
**www.[website].com**

«Barcode»

Postal Service: Please do not mark barcode

Claim #: XXX- «ClaimID» - «MailRec»
«First1» «Last1»
«co»
«Addr1» «Addr2»
«City», «St» «Zip»
«Country»

XXX

A settlement was proposed in a class action lawsuit against CommScope Inc. of North Carolina and CommScope Holding Company, Inc. ("CommScope"). The lawsuit arises from the data incident discovered in March 2023 ("Data Incident") where the computer systems of CommScope were allegedly hacked. This hack allegedly exposed certain private information of CommScope's current and former employees. CommScope denies all liability.

**Who is included?** CommScope's records indicate that you are included in the Settlement. The Settlement includes all individuals residing in the United States who were sent a notice by CommScope informing them of the Data Incident (the "Settlement Class Members").

**What benefits are available?** The Settlement provides Settlement Class Members with their choice of (1) three years of credit monitoring services, compensation for unreimbursed economic losses (up to $10,000), and compensation for lost time (up to 6 hours at $25 per hour, or $150 total), *OR* (2) an estimated $100 cash payment.

**How do I get benefits?** You must complete and submit a Claim Form by **Month __, 2024**. Claim Forms are available and may be filed online at www.[website].com.

**What are my other options?** If you do not want to be legally bound by the Settlement, you must exclude yourself by **Month __, 2024**. Unless you exclude yourself from the Settlement, you will not be able to sue CommScope or its related parties for any claim released by the Settlement Agreement. If you do not exclude yourself from the Settlement, you may object and notify the Court that you or your lawyer intend to appear at the Court's fairness hearing. Objections are due **Month __, 2024**.

**The Court's Fairness Hearing.** The Court will hold a final fairness hearing in this case (*Huffman v. CommScope, Inc. of North Carolina et al*, 5:23-cv-00132) on **Month __**, 2024, **at __: 0 __**. At this hearing, the Court will decide whether to approve: (1) the Settlement; (2) Class Counsel's request for up to $146,667.67 in attorneys' fees, and reimbursement of up to $10,000 in costs; and (3) $5,000 Service Awards to each Class Representative. You may appear at the hearing, but you do not have to. You also may hire your own attorney, at your own expense, to appear or speak for you at the hearing.

— **EXHIBIT B** —

# If you received notice from CommScope that your private information was potentially impacted in CommScope's data incident in 2023, you may be entitled to benefits from a class action settlement.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- A Settlement has been proposed in a class action lawsuit against CommScope Inc. of North Carolina and CommScope Holding Company, Inc. ("CommScope" or "Defendants"). The lawsuit arises from the data incident discovered in March 2023 ("Data Incident") where the computer systems of CommScope were allegedly hacked. This hack allegedly exposed certain private information of CommScope's current and former employees.

- CommScope's records indicate that you are included in the Settlement. The Settlement includes all individuals residing in the United States who were sent a notice by CommScope informing them of the Data Incident (the "Settlement Class Members").

- The Settlement provides Settlement Class Members with their choice of:
  - o (1) three years of credit monitoring services, compensation for unreimbursed economic losses (up to $10,000), and compensation for lost time (up to 6 hours at $25 per hour for a total of $150);
  - o **_OR_** (2) an estimated $100 cash payment.

- Your legal rights are affected regardless of whether you act or don't act. Read this notice carefully.

| Your Legal Rights and Options in this Settlement | |
|---|---|
| **Submit a Claim Form** | This is the only way you can get benefits from this Settlement. |
| **Exclude Yourself from the Settlement** | Do not get a settlement benefit. This is the only option that allows you to be part of any other lawsuit against the Defendants for the legal claims made in this case and released by the Settlement. |
| **Object to the Settlement** | Write to the Court with reasons why you do not agree with the Settlement. |
| **Go to the Final Fairness Hearing** | You may ask the Court for permission for you or your attorney to speak about your objection at the Final Fairness Hearing. |
| **Do Nothing** | If you do nothing, then you will *not* get benefits from this Settlement and you will give up certain legal rights. |

- These rights and options—and the deadlines to exercise them—are explained in this Notice. For complete details, view the Settlement Agreement, available at www.[website].com.

- The Court in charge of this case still has to decide whether to approve the Settlement. If the Court denies final approval, the Settlement will be null and void and the litigation will continue with the Defendants.

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE 3
1. Why is this Notice being provided?
2. What is this lawsuit about?
3. What is a class action?
4. Why is there a settlement?

WHO IS INCLUDED IN THE SETTLEMENT? . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE 3
5. How do I know if I am part of the Settlement?
6. Are there exceptions to being included in the Settlement?
7. I am still not sure if I am included.

THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE 4
8. What does the Settlement provide?
9. Tell me about the Credit Monitoring Services and Compensation.
10. Tell me about the cash option.

HOW TO GET BENEFITS—SUBMITTING A CLAIM FORM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE 5
11. How do I get a settlement benefit?
12. When will I get my Settlement benefit?
13. What am I giving up to get a Settlement benefit or stay in the Settlement?
14. What are the Released Claims?

EXCLUDING YOURSELF FROM THE SETTLEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . PAGE 6
15. How do I get out of the Settlement?
16. If I exclude myself, can I still get a benefit from the Settlement?
17. If I do not exclude myself, can I sue the Defendants for the same thing later?

THE LAWYERS REPRESENTING YOU . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE 6
18. Do I have a lawyer in this case?
19. How will Class Counsel be paid?

OBJECTING TO THE SETTLEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE 6
20. How do I tell the Court that I do not like the Settlement?
21. What is the difference between objecting to and excluding myself from the Settlement?

THE COURT'S FINAL FAIRNESS HEARING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE 7
22. When and where will the Court decide whether to approve the Settlement?
23. Do I have to come to the Final Fairness Hearing?
24. May I speak at the Final Fairness Hearing?

IF YOU DO NOTHING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE 8
25. What happens if I do nothing?

GETTING MORE INFORMATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE 8
26. How do I get more information?

| **1. Why is this Notice being provided?** |
| --- |

The Court directed that this Notice be provided because you have a right to know about a proposed settlement that has been reached in this class action lawsuit and about all of your options before the Court decides whether to grant final approval to the Settlement. If the Court approves the Settlement, and after objections or appeals, if any, are resolved, the Settlement Administrator appointed by the Court will distribute the benefits that the Settlement allows. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of this case is the United States District Court for the Western District of North Carolina. The case is known as *Huffman et al. v. CommScope, Inc. of North Carolina et al*, 5:23-cv-00132 (W.D. N.C.) (the "Action"). The people who filed the lawsuit are called Plaintiffs. And the companies sued (CommScope Inc. of North Carolina and CommScope Holding Company, Inc.) are called the Defendants.

| **2. What is this lawsuit about?** |
| --- |

Plaintiffs claim that CommScope was hacked on March 26, 2023 (the "Data Incident"). Plaintiffs claim that this hacking exposed certain personally identifiable information ("PII") and protected health information ("PHI")—including, the names, Social Security numbers, addresses, financial account information, date of birth, and medical information provided in connection with employment—of CommScope's current and former employees.

CommScope has denied and continues to deny all of the claims made in the Action, as well as all charges of wrongdoing or liability against them.

| **3. What is a class action?** |
| --- |

In a class action, one or more people called Class Representatives (in this case, Randall Huffman and Bryan Querry) sue on behalf of people who have similar claims. Together, all these people are called a Class or Class Members. One Court resolves the issues for all Class Members, except for those who exclude themselves from the Settlement Class.

| **4. Why is there a settlement?** |
| --- |

The Court did not decide in favor of the Plaintiffs or the Defendants. Instead, the Plaintiffs negotiated a settlement with the Defendants that allows them to avoid the risks and costs of lengthy and uncertain litigation and the uncertainty of a trial and appeals. It also allows Settlement Class Members to be compensated without further delay. The Class Representatives and their attorneys think the Settlement is best for all Settlement Class Members.

## WHO IS INCLUDED IN THE SETTLEMENT?

| **5. How do I know if I am part of the Settlement?** |
| --- |

You are part of this Settlement as a Settlement Class Member if you reside in the United States and received notice from CommScope informing you of the Data Incident.

| **6. Are there exceptions to being included in the Settlement?** |
| --- |

Yes. Excluded from the Settlement are: (1) the judges presiding over this Action, and members of their direct families; (2) the Defendants, their subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former officers and directors; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

| **7. I am still not sure if I am included.** |
| --- |

If you are still not sure whether you are included, you can call 1-___-___-____ or visit www.[website].com for more information.

## THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

**8.   What does the Settlement provide?**

The Settlement provides Settlement Class Members with their choice of:

- (1) three years of credit monitoring services, compensation for unreimbursed economic losses (up to $10,000), and compensation for lost time (up to 6 hours at $25 per hour, up to $150);

- ___OR___ (2) an estimated $100 cash payment.

CommScope has agreed to pay a total of $440,000 into a Settlement Fund. After deducting the costs of notice and settlement administration, Court-approved attorneys' fees, costs and expenses, and Class Representative service awards, the net Settlement Fund will be used to pay Settlement Class Members who submit a valid Claim Form.

**9.   Tell me about the Credit Monitoring Services and Compensation.**

Each Settlement Class Member who submits a valid Claim Form and opts to receive credit monitoring services will receive a three-year subscription to [insert service] provided by [insert provider] ("Credit Monitoring Services"). The [insert service] subscription will include one-bureau credit monitoring, dark web monitoring, real-time inquiry alerts, and $1,000,000 in identity theft insurance, among other features.

In addition to Credit Monitoring Services, Settlement Class Members are eligible to receive compensation for unreimbursed economic losses and for lost time.

- Unreimbursed Economic Losses are out-of-pocket costs related to fraud and identity theft, the purchase of identity protection services, credit monitoring services, or ID theft insurance that are fairly traceable to the Data Breach and have not already been reimbursed by a third party. Settlement Class Members who submit a valid Claim Form with documentation, such as receipts, showing unreimbursed economic losses may receive up to $10,000.

- Lost Time is time spent remedying issues related to the Data Incident.  Settlement Class Members who submit a valid Claim Form are eligible to receive up to 6 hours of lost time, at $25.00/hour (up to $150).

**10. Tell me about the cash option.**

Each Settlement Class Member who submits a valid Claim Form and selects the cash option will receive an _estimated_ $100 payment from the Settlement Fund. This cash option, also called an "Alternative Cash Payment," may be selected instead of the credit monitoring and compensation described above. The amount of the Alternative Cash Payments will be increased or decreased on a pro rata basis depending upon the number of valid claims filed and the amount of funds available for these payments. This means that Settlement Class Members who select this option may receive more or less than the estimated $100.

### How to Get Benefits—Submitting a Claim Form

**11. How do I get a settlement benefit?**

To qualify for a settlement benefit, you must complete and submit a Claim Form by Month __, **2024**. Claim Forms are available and may be filed online at www.[website].com. Claim Forms are also available by calling 1-___-___-____ or by writing to:  _Huffman et al. v. Commscope, Inc. of North Carolina et al._ Settlement Administrator, P.O. Box _____, City, ST _____-____.

**12. When will I get my Settlement benefit?**

The Court will hold a Final Fairness Hearing at __:_0_.m. on Month __, 2024, to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals. It is always uncertain whether any appeals can be resolved favorably, and resolving them can take time, perhaps more than a year.

**13. What am I giving up to get a settlement benefit or stay in the Settlement?**

Unless you exclude yourself from the Settlement, you will release certain legal claims as they relate to the Settlement. This means that you will no longer be able to sue, continue to sue, or be part of any other lawsuit against CommScope and the Released Parties about the claims made in this Action and released by the Settlement Agreement. You will be legally bound by all of the Court's orders, as well as the "Released Claims," below.

## 14. What are the Released Claims?

"Released Claims" mean any and all claims that either have been asserted or could have been asserted by any Settlement Class Member against any of the Released Parties (CommScope and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, Board of Trustees, and the present and former directors, officers, employees, agents, insurers,  shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, and the predecessors, successors, and assigns of each of them as well as covered entities associated with the alleged data breach) from all liabilities, rights, claims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to the Data Incident, and conduct that was alleged or could have been alleged in the Litigation, including, without limitation, any claims, actions, causes of action, demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of the Data Incident.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

## 15. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must send a letter by mail stating that you want to be excluded from the Settlement in *Huffman et al. v. CommScope, Inc. of North Carolina et al*, 5:23-cv-00132 (W.D.N.C.). Your letter must also include your full name, current address, personal signature, and a statement such as "Request for Exclusion" indicating you do not wish to participate in the Settlement or you want to opt-out of the Settlement. Each request for exclusion must request exclusion only for that one individual whose personal signature appears on the request.  You must mail your exclusion request, postmarked no later than **Month __, 2024,** to:

*Huffman et al. v. CommScope, Inc. of North Carolina et al*. Settlement Administrator
P.O. Box _____
City, ST _____-_____

## 16. If I exclude myself, can I still get a benefit from the Settlement?

No. If you exclude yourself from the Settlement, do not send in a Claim Form to ask for a settlement benefit because you will no longer be eligible for one.

## 17. If I do not exclude myself, can I sue the Defendants for the same thing later?

No. If you stay in the Settlement (*i.e.*, do nothing or do not exclude yourself from the Settlement), you give up any right to separately sue the Defendants for the claims released by the Settlement Agreement.

## THE LAWYERS REPRESENTING YOU

## 18. Do I have a lawyer in this case?

Yes. The Court appointed Raina Borrelli of Turke & Strauss LLP to represent you and other Settlement Class Members as Class Counsel. Class Counsel is experienced in handling similar cases. You will not be charged for this lawyer. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 19. How will Class Counsel be paid?

If the Settlement is approved and becomes final, Class Counsel will ask the Court to award attorneys' fees in the amount of $146,666.67, plus litigation expenses up to $10,000, as well as $5,000 Service Awards to each of the Class Representatives. If approved, these amounts, as well as the costs of notice and settlement administration, will be deducted from the Settlement Fund before making payments to Settlement Class Members who submit a valid Claim Form.

## OBJECTING TO THE SETTLEMENT

## 20. How do I tell the Court that I do not like the Settlement?

If you are a Settlement Class Member, you can object to the Settlement if you do not like it or a portion of it. You can give reasons why you think the Court should not approve the Settlement. The Court will consider your views before making a decision. To object, you must file a written objection with the Court by **Month __, 2024**.

Your objection must include:

1) the name of the case (*Huffman at al. v. CommScope, Inc. of North Carolina et al.*, 5:23-cv-00132 (W.D. N.C.));
2) your full name, current address, and telephone number;
3) the reasons why you object to the Settlement, including any documents supporting your objection and a description of whether the objection applies only to yourself, a subset of the Settlement Class, or the entire Settlement Class;
4) the name and address of your attorney if you have retained one as well as a description of the attorney's background and prior experience, the amount of anticipated fees and method of calculation, the attorney's hourly rate, and the number of hours spent working;
5) a statement indicating whether you or your attorney intend to appear at the Final Approval Hearing;
6) a description and/or copies of evidence that may be introduced at the Final Approval Hearing;
7) a list of proceedings in which the Settlement Class Member has submitted an objection during the past five years; and
8) your signature or the signature of your attorney.

Your objection must be mailed to the Clerk of the United States District Court for the Western District of North Carolina, United States Courthouse, 200 West Broad Street, Room 304, Statesville, North Carolina 28677 by **Month __, 2024**.

| **21. What is the difference between objecting to and excluding myself from the Settlement?** |
| --- |

Objecting is telling the Court that you do not like something about the Settlement. Excluding yourself is telling the Court that you do not want to be part of the Class in this Settlement. If you exclude yourself from the Settlement, you have no basis to object or file a claim because the Settlement no longer applies to you.

## THE COURT'S FINAL FAIRNESS HEARING

| **22. When and where will the Court decide whether to approve the Settlement?** |
| --- |

The Court will hold a Final Fairness Hearing at __ : 0 __.m. on **Month __**, 2024, at the United States Courthouse, 1800 Charles R. Jonas Federal Building, 401 West Trade Street, Charlotte, NC 28202. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will take into consideration any properly-filed written objections and may also listen to people who have asked to speak at the hearing (*see* Question 20). The Court will also decide whether to approve payments of fees, expenses, and service awards.

| **23. Do I have to come to the Final Fairness Hearing?** |
| --- |

No. Class Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you file an objection, you do not have to come to Court to talk about it. You may also hire your own lawyer to attend, at your own expense, but you are not required to do so.

| **24. May I speak at the Final Fairness Hearing?** |
| --- |

Yes, you may ask the Court for permission to speak at the Final Fairness Hearing. To do so, you must follow the instructions provided in Question 20 above. You cannot speak at the hearing if you exclude yourself from the Settlement.

## IF YOU DO NOTHING

| **25. What happens if I do nothing?** |
| --- |

If you do nothing, you will not receive any benefits from this Settlement. If the Court approves the Settlement, you will be bound by the Settlement Agreement and Release. This means you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants or the Released Parties about the issues resolved by this Settlement and released by the Settlement Agreement.

| 26. How do I get more information? |
| --- |

More details are in the Settlement Agreement, which is available at www.[website].com. You may also call 1-___-___-___, or write to *Huffman et al. v. CommScope, Inc. of North Carolina et al.* Settlement Administrator, P.O. Box _____, City, ST _____-____.

***Please do not call the Court or the Clerk of the Court for additional information.***
***They cannot answer any questions regarding the Settlement or the Action.***

# — **EXHIBIT C** —

# CLAIM FORM

*Huffman et al. v. CommScope, Inc. of North Carolina et al*, 5:23-cv-00132

**The DEADLINE to submit or mail this Claim Form is: [MONTH __, 2024]**

## Instructions

If you received notice from CommScope that your personally identifiable information or protected health information was potentially involved in a Data Incident discovered by CommScope in March 2023, then you are a "Settlement Class Member." If you received a notice about this class action Settlement addressed to you, then you are a Settlement Class Member.

As a Settlement Class Member, you are eligible to receive your choice of (1) three years of credit monitoring services, compensation for unreimbursed economic losses, and compensation for lost time, **_OR_** (2) a cash payment.

## Provide Your Information

The Settlement Administrator will use this information for all communications about this Claim Form and the Settlement. If this information changes before the Settlement benefits are issued, you must notify the Settlement Administrator.

First Name          M.I.    Last Name

Alternative Name(s)

Mailing Address, Line 1: Street Address/P.O. Box

Mailing Address, Line 2:

City:         State:    Zip Code:

Telephone Number (Home)    Telephone Number (Mobile)

Email Address (Required for Credit Monitoring Services)

Date of Birth (mm/dd/yyyy)    Claim Number Provided on mailed Notice

## Choose Your Benefits

You have two options. You can get either:

    (1) three years of credit monitoring services, compensation for unreimbursed economic losses (up to $10,000), and compensation for lost time (up to 6 hours, at $25 per hour, for a total of $150).
        **_OR_**
    (2) an estimated $100 cash payment.

**Questions? Go to www.[website].com or call 1-___-___-____.**

LEGAL02/44114412v2

Case 5:23-cv-00132-KDB-SCR   Document 24-1   Filed 02/29/24   Page 38 of 64

**Option #1**: if you choose this option, you may get three years of credit monitoring services, compensation for unreimbursed economic losses (up to $10,000), and compensation for lost time (up to 6 hours, at $25 per hour, for a total of $150).

**Credit Monitoring**: If you wish to receive Credit Monitoring Services, check the box below, provide your email address in the space provided above, sign, and return this Claim Form. Submitting this Claim Form will not automatically enroll you in Credit Monitoring Services. To enroll, you must follow the instructions that will be sent to you using the email address you provided above after the Settlement is approved and becomes final (the "Effective Date").

☐ Check this box if you want Credit Monitoring Services. You must provide your email address above.

**Compensation for Lost Time**: If you wish to receive Compensation for Lost Time, write the total number of hours spent remedying issues related to the Data Incident. Then, check the box below, sign, and return this Claim Form. You may claim up to up to 6 hours, at $25 per hour, for a total of $150.

☐ Total # Hours (write how many hours you lost)

☐ By checking this box, you swear and affirm that you spent the amount of time noted in response to the Data Incident.

**Unreimbursed Economic Losses**: If you wish to receive Compensation for Unreimbursed Economic Losses, indicate the total dollar amount of losses incurred as a result of the Data Incident, attach/include supporting documentation such as receipts, sign, and return this Claim Form. You may claim up to $10,000. Unreimbursed Economic Losses include, but are not limited to, unreimbursed losses relating to fraud or identity theft; professional fees, including attorneys' fees, accountants' fees, and fees for credit repair services; costs associated with freezing or unfreezing credit with any credit reporting agency; credit monitoring costs that were incurred on or after the Data Incident through the date of claim submission; and miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges.

$ ☐☐☐☐☐☐ Total Amount

NOTE: You must include documentation supporting your claim for Unreimbursed Economic Losses. This can include receipts or other documentation not "self-prepared." "Self-prepared" documents such as handwritten receipts are, by themselves, **not** sufficient to receive reimbursement, but can be considered to add clarity to or support other submitted documentation.

**Option #2 (Cash)**: If you wish to receive a cash payment (estimated to be $100), check the box below, provide the email address associated with your PayPal, Venmo, or Zelle account below, sign, and return this Claim Form. A check will be mailed to the address above or will be deposited in the PayPal, Venmo, or Zelle account provided below.

☐ Check this box if you want a Cash Payment.

**Payment Options:**

Settling Class Members whose claim forms are determined to be timely and valid will receive their cash payments via an electronic payment method or by check. Please ensure you provide a current, valid email address in Section I of this claim form. If the email address you include with your submission becomes invalid for any reason, it is your responsibility to provide accurate contact information to the Settlement Administrator to receive a payment.

Please select from one of the following payment options:

**Questions? Go to www.[website].com or call 1-___-___-____.**

LEGAL02/44114412v2

Case 5:23-cv-00132-KDB-SCR   Document 24-1   Filed 02/29/24   Page 39 of 64

☐ Electronic Payment  - Once the Settlement is approved and if you are eligible for payment, you will receive an email from Huntington Bank advising you that your payment is ready and you may choose from Paypal; Venmo; Zelle; or Bank Transfer.

☐ Physical Check - Payment will be mailed to the address provided above.

## SIGNATURE

I swear and affirm that the foregoing is true and correct.

_____                    _____
Signature                                                          Date

**Questions? Go to www.[website].com or call 1-___-___-____.**

LEGAL02/44114412v2

Case 5:23-cv-00132-KDB-SCR   Document 24-1   Filed 02/29/24   Page 40 of 64

# — EXHIBIT  D —

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION

| | |
|---|---|
| RANDALL HUFFMAN AND BRYAN QUERRY, on behalf of themselves and all others similarly situated, | No. 5:23-cv-132-KDB-SCR |
| Plaintiffs, | Judge Kenneth D. Bell |
| | Magistrate Judge Susan C. Rodriguez |
| v. | |
| COMMSCOPE, INC. OF NORTH CAROLINA, and COMMSCOPE HOLDING COMPANY, INC., | |
| Defendants. | |

## [PROPOSED] PRELIMINARY APPROVAL ORDER

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement **(Doc. No. __)** (the "Motion"), the terms of which are set forth in a Settlement Agreement between Plaintiffs and CommScope Inc. of North Carolina and CommScope Holding Company, Inc. ("Defendants" or "CommScope") (together with Plaintiffs, the "Parties"), with accompanying exhibits attached as **Exhibit 1** to Plaintiffs' Memorandum of Law in Support of their Motion (the "Settlement Agreement").[1]

Having fully considered the issue, the Court hereby **GRANTS** the Motion and **ORDERS** as follows:

1. **Class Certification for Settlement Purposes Only**. The Settlement Agreement provides for a Settlement Class defined as follows:

---

[1] All defined terms in this Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") have the same meaning as set forth in the Settlement Agreement, unless otherwise indicated.

All individuals residing in the United States who were sent a notice by CommScope informing them of the Data Incident CommScope discovered in March 2023.

Specifically excluded from the Settlement Class are:

(1) the judges presiding over this Action, and members of their direct families; (2) the Defendants, their subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former officers and directors employees; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

Pursuant to Federal Rules of Civil Procedure 23(e)(1), the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because it meets all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds for settlement purposes that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Class Representatives are typical of and arise from the same operative facts and the Class Representatives seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this Litigation on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Litigation.

2. **Settlement Class Representatives and Settlement Class Counsel**. The Court finds that Plaintiffs will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as the Class Representatives. Additionally, the Court finds that Raina C. Borrelli of

Turke & Strauss LLP will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Class Counsel pursuant to Rule 23(g)(1).

3. **Preliminary Settlement Approval.** Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the good faith, arms' length negotiations between the Parties and absence of any collusion in the Settlement, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, the Settlement treats the Settlement Class Members equitably, and all of the other factors required by Rule 23 and relevant case law.

4. **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

5. **Final Approval Hearing**. A Final Approval Hearing shall be held on _____, 2024, at [ADDRESS/VIA ZOOM], where the Court will determine, among other things, whether: (a) this Litigation should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement should be approved as fair, reasonable, and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members (who have not timely and validly excluded themselves from the Settlement) should be bound by the releases set forth in the Settlement

3

Agreement; (e) the application of Class Counsel for an award of Attorneys' Fees, Costs, and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) the application of the Class Representatives for a Service Award should be approved.

6. **Settlement Administrator**. The Court appoints RG/2 Claims Administration as the Settlement Administrator, with responsibility for class notice and settlement administration. The Settlement Administrator is directed to perform all tasks the Settlement Agreement requires. The Settlement Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

7. **Notice**. The proposed notice program set forth in the Settlement Agreement and the Notices and Claim Form attached to the Settlement Agreement as **Exhibits A, B, and C** are hereby approved. Non-material modifications to these Exhibits may be made by the Settlement Administrator in consultation and agreement with the Parties, but without further order of the Court.

8. **Findings Concerning Notice**. The Court finds that the proposed form, content, and method of giving Notice to the Settlement Class as described in the Notice program and the Settlement Agreement and its exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c); and (e) and meet the

4

requirements of the Due Process Clause(s) of the United States and North Carolina Constitutions. The Court further finds that the Notice provided for in the Settlement Agreement is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

The Settlement Administrator is directed to carry out the Notice program in conformance with the Settlement Agreement.

9. **Class Action Fairness Act Notice**. Within ten (10) days after the filing of this Settlement Agreement with the Court, the Settlement Administrator acting on behalf of Defendants shall have served or caused to be served a notice of the proposed Settlement on appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

10. **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must individually sign and timely submit written notice of such intent to the designated Post Office box established by the Settlement Administrator in the manner provided in the Notice. The written notice must clearly manifest a Person's intent to be excluded from the Settlement Class. To be effective, such requests for exclusion must be postmarked no later than the Opt-Out Date, which is no later than sixty (60) days from the date on which the notice program commences, and as stated in the Notice.

If Defendants void the Settlement Agreement according to its terms, Defendants will be obligated to pay all settlement expenses already incurred, excluding any attorneys' fees, costs, and expenses of Class Counsel and the Service Award to the Class Representatives and shall not, at any time, seek recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation.

The Settlement Administrator shall promptly furnish to Class Counsel and to Defendants' counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

If a Final Order and Judgment is entered, all Persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class shall be bound by the terms of this Settlement Agreement and the Final Order and Judgment. All Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class shall not receive any cash benefits of and/or be bound by the terms of the Settlement Agreement.

11.    **Objections and Appearances**. A Settlement Class Member (who does not submit a timely written request for exclusion) desiring to object to the Settlement Agreement may submit a timely written notice of his or her objection by the Objection Date and as stated in the Notice. The Long Notice shall instruct Settlement Class Members who wish to object to the Settlement Agreement to file their objections with the Court and to e-mail copies to Class Counsel and Defendants' counsel. The Notice shall advise Settlement Class Members of the deadline for submission of any objections—the "Objection Deadline." Any such notices of an intent to object to the Settlement Agreement must be written and must include all of the following: (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement of the specific grounds for the objection, as well as any documents supporting the objection and a description of whether the objection applies only to the Settlement Class Member, a subset of the Settlement Class, or the entire Settlement Class; (iv) the identity of any attorneys representing the objector (if any), as well as a description of the attorney's background and prior experience, the amount of anticipated fees and method of calculation, the attorney's hourly rate, and the number of hours spent working; (v) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing;

6

(vi) a description and/or copies of evidence that may be introduced at fairness hearing; (vii) a list of proceedings in which the Settlement Class Member has submitted an objection during the past five years; and (viii) the signature of the Settlement Class Member or the Settlement Class Member's attorney.

Any Settlement Class Member who fails to comply with the requirements for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Litigation. The provisions stated in Paragraph 81 of the Settlement Agreement are the exclusive means for any challenge to the Settlement Agreement. Any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Final Order and Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

12. **Claims Process**. Settlement Class Counsel and Defendants have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Settlement Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

The Settlement Administrator will be responsible for effectuating the claims process. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form. If the Final Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit,

but will in all other respects be subject to and bound by the provisions in the Final Order and Judgment, including the releases contained therein.

13. **Termination of Settlement**. This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing before the Court entered this Preliminary Approval Order and before they entered the Settlement Agreement, if: (a) the Court does not enter this Preliminary Approval Order; (b) Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; (c) there is no Effective Date; or (d) otherwise consistent with the terms of the Settlement Agreement. In such event, (i) the Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel; (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and (iii) any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc.*

14. **Use of Order**. This Preliminary Approval Order shall be of no force or effect if the Final Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability. Nor shall this Preliminary Approval Order be construed or used as an admission, concession, or declaration by or against the Class Representatives or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims they may have in this Litigation or in any other lawsuit.

8

15. **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Fairness Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Settlement Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

16. **Stay of Litigation.** All proceedings in the Litigation, other than those related to approval of the Settlement Agreement, are hereby stayed. Further, any actions brought by Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending Final Approval of the Settlement Agreement.

17. **Schedule and Deadlines**. The Court orders the following schedule of dates for the specified actions/further proceedings:

LEGAL02/44114805v2

**SETTLEMENT TIMELINE**

| | |
|---|---|
| **Grant of Preliminary Approval** | |
| Settlement Administrator provides W-9 to CommScope | 5 days after Preliminary Approval |
| CommScope provides list of Settlement Class Members to the Settlement Administrator | 7 days after Preliminary Approval |
| CommScope to Provide CAFA Notice Required by 28 U.S.C. § 1715(b) | Within 10 days of filing of the Preliminary Approval Motion |
| Long Form and Short Form Notices Posted on the Settlement Website | No later than 28 days after Preliminary Approval, or prior to the Settlement Website going live |
| Notice Date | 30 days after Preliminary Approval. |
| Reminder Notice | 60 days after Notice Date (if needed) |
| Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representatives Service Award | 14 days before Objection and Opt-Out Deadlines |
| Objection Deadline | 60 days after Notice Date |
| Opt-Out Deadline | 60 days after Notice Date |
| Claims Deadline | 90 days after Notice Date |
| Settlement Administrator Provide List of Objections/Opt-Outs to Counsel for the Parties | 70 days after Notice Date |
| Initially Approved Claims List | 35 days after Claims Deadline |
| Initially Rejected Claims List | 35 days after Claims Deadline |
| Parties' Challenge to Any Claims | 35 days from Initially Approved Claims List |
| **Final Approval Hearing** | 120 days after Preliminary Approval Order (at minimum) |
| Motion for Final Approval | 14 days before Final Approval Hearing Date |

10

| | |
|---|---|
| Settlement Administrator Provide Court With Notice of Opt-Outs and/or Objections | 14 days before Final Approval Hearing Date |
| **Final Approval** | |
| Payment of Attorneys' Fees and Expenses Class Representatives Service Award | 7 days after Effective Date |
| Settlement Website Deactivation | 90 days after Effective Date |

11

— **EXHIBIT E** —

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**

| | |
|---|---|
| RANDALL HUFFMAN AND BRYAN QUERRY, on behalf of themselves and all others similarly situated,<br><br>                     Plaintiffs,<br><br>v.<br><br>COMMSCOPE, INC. OF NORTH CAROLINA, and COMMSCOPE HOLDING COMPANY, INC.,<br><br>                     Defendants. | No. 5:23-cv-132-KDB-SCR<br><br>Judge Kenneth D. Bell<br>Magistrate Judge Susan C. Rodriguez |

**[PROPOSED] FINAL APPROVAL ORDER**

Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement ("Motion for Final Approval"). The Motion seeks approval of the Settlement as fair, reasonable, and adequate. Also before the Court is Plaintiffs' Motion for Attorneys' Fees, Costs, and Expenses to Class Counsel, and Service Awards to Plaintiffs ("Motion for Attorneys' Fees").

Having reviewed and considered the Settlement Agreement, Motion for Final Approval, and Motion for Attorneys' Fees, and having conducted a Final Fairness Hearing, the Court makes the findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Order.

**WHEREAS**, on _____[DATE], the Court entered an Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") (Doc. No. ___) which, among other things: (a) conditionally certified this matter as a class action, including defining the class and class claims, (b) appointed Plaintiffs as the Class Representatives and appointed Raina C. Borrelli of Turke & Strauss LLP as Class Counsel; (c) preliminarily approved

the Settlement Agreement; (d) approved the form and manner of Notice to the Settlement Class; (d) set deadlines for opt-outs and objections; (e) approved and appointed the Settlement Administrator; and (f) set the date for the Final Fairness Hearing;

**WHEREAS**, on _____ [DATE], pursuant to the Notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement Agreement, of the right of Settlement Class Members to opt-out, and the right of Settlement Class Members to object to the Settlement Agreement and to be heard at a Final Fairness Hearing;

**WHEREAS**, on _____ [DATE], the Court held a Final Approval Hearing to determine, inter alia: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this action with prejudice. Prior to the Final Fairness Hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court as required by the Preliminary Approval Order. Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the Final Fairness Hearing in support of or in opposition to the proposed Settlement Agreement, the award of attorneys' fees, costs, and expenses to Class Counsel, and the payment of a Service Awards to the Class Representative;

**WHEREAS**, the Court not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**WHEREAS**, the Court being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether

2

the settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class;

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for Defendants, having reviewed all of the submissions presented with respect to the proposed Settlement Agreement, having determined that the Settlement Agreement is fair, adequate, and reasonable, having considered the application made by Settlement Class Counsel for attorneys' fees, costs, and expenses, and the application for Service Awards to the Representative Plaintiffs, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS ORDERED** that:

1.     The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.

2.     The Settlement involves allegations in Plaintiffs' Class Action Complaints against Defendants for failure to implement or maintain adequate data security measures and safeguards to protect Private Information, which Plaintiffs allege directly and proximately caused injuries to Plaintiffs and Settlement Class Members.

3.     The Settlement does not constitute an admission of liability by Defendants, and the Court expressly does not make any finding of liability or wrongdoing by Defendants.

4.     Unless otherwise indicated, words spelled in this Order and Judgment Granting Final Approval of Class Action Settlement ("Final Order and Judgment") with initial capital letters have the same meaning as set forth in the Settlement Agreement.

5.     The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties pursuant to Federal Rule of Civil Procedure 23(e)(2), grants final approval of the

Settlement Agreement and for purposes of the Settlement Agreement and this Final Order and Judgment only, the Court hereby finally certifies the following Settlement Class:

> All individuals residing in the United States who were sent a notice by CommScope informing them of the Data Incident CommScope discovered in March 2023.

Specifically excluded from the Settlement Class are:

> (1) the judges presiding over this Action, and members of their direct families; (2) the Defendants, their subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former officers and directors; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

6.    The Settlement was entered into in good faith following arm's length negotiations and is non-collusive. The Settlement is in the best interests of the Settlement Class and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

7.    The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

> a.    Claims Administration as outlined in the Settlement Agreement whereby Settlement Class Members can submit claims that will be evaluated by a Settlement Administrator.

4

> b.    Defendants to pay all costs of Claims Administration from the Settlement Fund, including the cost of the Settlement Administrator, instituting Notice, processing and administering claims, and preparing and mailing checks.
>
> c.    Defendants to pay, subject to the approval and award of the Court, the reasonable attorneys' fees, costs, and expenses of Class Counsel and a Service Awards to the Class Representative from the Settlement Fund.

The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes that because this certification of the Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement Agreement.

8.    The terms of the Settlement Agreement are fair, adequate, and reasonable and are hereby approved, adopted, and incorporated by the Court. Notice of the terms of the Settlement, the rights of Settlement Class Members under the Settlement, the Final Fairness Hearing, Plaintiffs' application for attorneys' fees, costs, and expenses, and the Service Awards payment to the Class Representatives have been provided to Settlement Class Members as directed by this Court's Orders, and proof of Notice has been filed with the Court.

9.    The Court finds that the notice program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their right to

object and to appear at the final approval hearing or to exclude themselves from the Settlement Agreement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

10. The Court finds that Defendants have fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

11. As of the Opt-Out deadline, _____ potential Settlement Class Members have requested to be excluded from the Settlement. Their names are set forth in **Exhibit A** to this Final Order and Judgment. Those persons are not bound by the Settlement Agreement and this Final Order and Judgment and shall not be entitled to any of the benefits afforded to the Settlement Class Members under the Settlement Agreement, as set forth in the Settlement Agreement.

12. _____ objections were filed by Settlement Class Members. The Court has considered all objections and finds the objections do not counsel against Settlement Agreement approval, and the objections are hereby overruled in all respects.

13. All Settlement Class Members who have not objected to the Settlement Agreement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

14. The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Fairness Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

15. The Parties, their respective attorneys, and the Settlement Administrator are hereby directed to consummate the Settlement in accordance with this Final Order and Judgment and the terms of the Settlement Agreement.

6

16.     Pursuant to the Settlement Agreement, Defendants, the Settlement Administrator, and Class Counsel shall implement the Settlement in the manner and timeframe as set forth therein.

17.     Within the time period set forth in the Settlement Agreement, the relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

18.     Pursuant to and as further described in the Settlement Agreement, Plaintiffs and the Settlement Class Members release claims as follows:

> Upon Final Approval of this Settlement Agreement, Releasors release, acquit, and forever discharge Defendants and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, Board of Trustees, and the present and former directors, officers, employees, agents, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, and the predecessors, successors, and assigns of each of them as well as covered entities associated with the Data Security Incident ("Released Parties") from all liabilities, rights, claims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to the Data Security Incident, and conduct that was alleged or could have been alleged in the Litigation, including, without limitation, any claims, actions, causes of action, demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of the Data Security Incident (the "Released Claims"), provided that nothing in this Release is intended to, does or shall be deemed to release any claims not arising out of, based upon, resulting from, or related to the Data Security Incident.
>
> Upon the Effective Date, Defendants and their representatives, officers, agents, directors, principals, affiliates, employees, insurers, and attorneys shall be deemed to have released, acquitted, and forever discharged the Settlement Class Representatives and Class Counsel from any and all claims or causes of action of every kind and description, including any causes of action in law, claims in equity, complaints, suits or petitions, and any allegations of wrongdoing, demands for legal, equitable or administrative relief

7

(including, but not limited to, any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, declaratory relief, compensatory damages, consequential damages, penalties, exemplary damages, punitive damages, attorneys' fees, costs, interest or expenses), whether known or unknown, that arise out of, are based upon, or relate to prosecution of the Action, the Settlement Agreement, or the Settlement claims process (provided, however, that this release and discharge shall not include claims relating to the enforcement of the terms of the Settlement or the Agreement).

Upon entry of the Final Approval Order, the Settlement Class Representatives and other Settlement Class Members shall be enjoined from prosecuting any claim they have released in the preceding paragraphs in any proceeding against Defendants or based on any actions taken by any of the Released Parties that are authorized or required by this Agreement or by the Final Approval Order. Likewise, Defendants and its representatives, officers, agents, directors, principals, affiliates, employees, insurers, and attorneys shall be enjoined from prosecuting any claim they have released in the preceding paragraphs in any proceeding against Settlement Class Representatives and Class Counsel or based on any actions taken by Settlement Class Representatives and Class Counsel that are authorized or required by this Agreement or by the Final Approval Order. It is further agreed that the Settlement may be pleaded as a complete defense to any proceeding subject to this section.

19.     The Court grants final approval to the appointment of Plaintiffs as Class Representatives. The Court concludes that Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

20.     Pursuant to the Settlement Agreement, and in recognition of their efforts on behalf of the Settlement Class, the Court approves a payment to the Class Representatives in the amount of $_____ each as Service Awards. Defendants shall make such payment in accordance with the terms of the Settlement Agreement.

8

21.     The Court grants final approval to the appointment of Raina C. Borrelli of Turke & Strauss LLP as Class Counsel. The Court concludes that Class Counsel has adequately represented the Settlement Class and will continue to do so.

22.     The Court, after careful review of the fee petition filed by Class Counsel, and after applying the appropriate standards required by relevant case law, hereby grants Class Counsel's application for attorneys' fees in the amount of $_____. Reasonable costs and expenses of $_____ are also hereby awarded. Payment shall be made pursuant to the terms of the Settlement Agreement.

23.     This Final Order and Judgment and the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendants of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendants or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the lawsuit. This Final Order and Judgment, the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; provided, however, that the Settlement Agreement and this Final Order and Judgment may be filed in any action by Defendants, Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Order and Judgment (including, but not limited to, enforcing the releases contained herein). The Settlement Agreement and Final Order and Judgment shall not be construed or admissible as an admission by Defendants

9

that Plaintiffs' claims or any similar claims are suitable for class treatment. The Settlement Agreement's terms shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Final Order and Judgment that are maintained by, or on behalf of, any Settlement Class Member or any other person subject to the provisions of this Final Order and Judgment.

24.     If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Order and Judgment and the Preliminary Approval Order shall be deemed vacated, and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Order and Judgment and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc*, and the Parties shall be restored to their respective positions in the Litigation, as if the Parties never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). In such event, the Parties will jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel. Further, in such event, Defendants will pay amounts already billed or incurred for costs of notice to the Settlement Class, and Claims Administration, and will not, at any time, seek recovery of same from any other Party to the Litigation or from counsel to any other Party to the Litigation.

10

25.     Pursuant to *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 382 (1994) and the parties' agreement, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

26.     Without affecting the finality of this Final Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

27.     This Order resolves all claims against all Parties in this action and is a final order.

28.     The matter is hereby dismissed with prejudice and without costs except as provided in the Settlement Agreement.

LEGAL02/44115111v2